

Littler Mendelson, PC
290 Broadhollow Road
Suite 305
Melville, NY  11747

Randy S. Gidseg
631.247.4708 direct
631.956.9274 fax
rgidseg@littler.com

July 31, 2015

**VIA ECF**

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *Almazo, et al. v. Energy Resources Personnel LLC, et al.*
Civil Action No. 15-cv-04158 (JGK)

Dear Judge Koeltl:

This firm represents the defendants, Energy Resources Personnel LLC, Pump 17th Street, LLC, Pump 52nd Street, LLC, Pump Holdings, LLC, and Adam Eskin (collectively, "Defendants") in the above-referenced matter.  We write in accordance with Section 2.A of Your Honor's Individual Practices to respectfully request a pre-motion conference to discuss Defendants' intended partial motion to dismiss the complaint brought by Faustino Almazo, Anthony Mejia, Bernabe Damian, Carlos Tipaz, Damian Meyo Varela, David Macario Yat Alvarez, Rufino Joel Yat Gonzalez, Jose Yat Chic, Miguel Luis Yat Chic, and Edgar Castillo (collectively, "Plaintiffs") against Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), and/or motion for a more definite statement, pursuant to Rule 12(e).

## CASE BACKGROUND

Defendants operate "Dig Inn" restaurants, which are part of a chain of 11 Manhattan establishments serving quick, healthy, and quality meals.  Plaintiffs are current or former delivery drivers who worked in Dig Inn's restaurants.  As delivery drivers, Plaintiffs would transport food orders to residential and business customers by bicycle within a limited geographic area surrounding the restaurant.

In their Complaint, Plaintiffs allege that they, and a class of similarly situated individuals, were subjected to unlawful payment practices, including minimum wage and overtime violations, and they seek reimbursement for tools of the trade expenses, under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Plaintiffs seek collective action certification on behalf of "all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class")." (Complaint, ¶ 182).  To date, no opt-in plaintiffs have joined this action.

Honorable John G. Koeltl
July 31, 2015
Page 2

**DEFENDANTS' ANTICIPATED MOTION**

To state a plausible overtime claim, and avoid dismissal, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). The complaint must also allege precisely when, or during what time period, the employee worked more than 40 hours. *Id.* at 114, 118 (finding no plausible FLSA or NYLL claim where plaintiffs failed to allege a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours); *Cromwell v. N.Y. City Health and Hosps. Corp. et al.*, 2013 U.S. Dist. Lexis 69414, at *10-11 (S.D.N.Y. May 15, 2013) (dismissing complaint where plaintiffs failed to identify any particular workweek they worked uncompensated time for more than 40 hours).

Here, each Plaintiff fails to adequately allege that he worked more than 40 hours in any single workweek. To the contrary, Plaintiffs' Complaint confirms that nine of the eleven Plaintiffs *never* worked more than 40 hours each week. *See* Compl., ¶¶ 85-87 (Plaintiff Damian typically worked between 17-24 hours per week); ¶¶ 98-99 (Plaintiff Tipaz typically worked 20-25 hours per week); ¶¶ 109-111 (Plaintiff Varela typically worked 19-20 hours per week); ¶ 122 (Plaintiff Alvarez typically worked 17.5 hours per week); ¶¶ 133, 135 (Plaintiff Gonzalez typically worked 20-26 hours per week); ¶ 143 (Plaintiff J.Y. Chic typically worked 23 hours per week); ¶¶ 153-154 (Plaintiff M.L.Y. Chic typically worked 17.5-20 hours per week); ¶ 164 (Plaintiff Castillo typically worked 29 hours per week).

With respect to the two remaining Plaintiffs, the allegations in the Complaint do not rise to the level of specificity required to articulate an overtime violation on their behalf. The Second Circuit has made clear that a plaintiff cannot use hollow pleadings to avoid an obligation to allege, with some specificity, the amount of time he actually worked in a given workweek for which he was not properly paid. *Lundy*, 711 F.3d at 114; *see also Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438, at * 4 (S.D.N.Y. July 2, 2014) (dismissing overtime claim where plaintiff alleged he "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"); *Spiteri v. Russo*, 2013 WL 4806960, at *55 (E.D.N.Y. Sept. 7, 2013) (dismissing overtime claim where plaintiff alleged he "worked approximately fifty (50) to (60) hours per week"). Here, the allegations with respect to the remaining two plaintiffs fail to allege, with the requisite specificity, the amount of time worked in a given workweek for which they were not properly paid. *See* Compl., ¶¶ 58-59 (Plaintiff Almazo regularly worked approximately 31 hours each week from April 2011 to October 2014 and even less thereafter but "frequently worked additional hours up to approximately 43 hours per week"); ¶ 73 ("Plaintiff Mejia worked from approximately 4:00 p.m. until on or about 11:00 p.m. Mondays through Saturdays (typically 42 hours per week)." In the absence of any such allegations, Plaintiff's claims for overtime are insufficient and must be dismissed. *Lundy*, 711 F.3d at 114.

Because Plaintiffs' Complaint fails to plausibly plead a claim for unpaid overtime, Plaintiffs' second and fourth causes of action should be dismissed. Alternatively, at a minimum, Defendants are entitled to a more definite statement setting forth factual allegations to support

Honorable John G. Koeltl
July 31, 2015
Page 3

each Plaintiff's claims, including when each worked more than 40 hours in a workweek and how many hours were worked.

      Based upon the foregoing, we respectfully request that the Court schedule a pre-motion conference or otherwise grant Defendants permission to file their motion. Thank you for your time and consideration of this matter.

Respectfully submitted,

Randy S. Gidseg

cc:    All counsel of record (via ECF)