# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020                                          Telephone: (212) 317-1200
New York, New York 10165                                               Facsimile: (212) 317-1620
————

sclark@faillacelaw.com

March 23, 2017

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

     Re: <u>Almazo, et al. v. Energy Resources Personnel LLC, et al.</u>,
        15-cv-4158 (JGK)

Your Honor(s),

  This firm represents the Plaintiffs in the above-referenced matter. Plaintiffs and Defendants (together, the "Parties") write jointly in response to Judge Swain's Order dated February 27, 2017 to provide the Court with (a) an estimate of the possible range of recovery in this matter; (b) the percentage of recovery obtained in the settlement; and (c) the lodestar calculation for Plaintiffs' counsel in this matter.

  **I. Plaintiffs' Estimate of Potential Recovery**

  Plaintiffs' estimate of their damages if they were fully successful on all of their claims at trial, including liquidated damages under the Fair Labor Standards Act, but excluding attorney's fees and costs, is attached hereto as Exhibit A. The information contained within Exhibit A is based on Plaintiffs' allegations in the Complaint and the proposed Amended Complaint and other information obtained from individuals covered by the settlement agreement. Each individual's estimated "best case" damages is contained within the chart, alongside their actual recovery pursuant to the Parties settlement. The recovery for each individual is keyed proportionally to Plaintiffs' estimate of each individual's total damages, inclusive of all potential claims.

Defendants deny the allegations in the Complaint and the proposed Amended Complaint and maintain that Plaintiffs' potential damages, if any, are significantly less than set forth in Plaintiffs' estimated. As set forth in the Parties' February 22, 2017 submission to the Court (Docket No. 30), Defendants disagree with the basis for Plaintiffs' damages calculations. In particular, Defendants have vigorously contested the Plaintiffs' hours allegedly worked and the amount of time, if any, that the Plaintiffs engaged in non-tipped work, and, in support of their position, provided hundreds of pages of payroll and other records to Plaintiffs as part of an informal exchange of discovery. *See* Docket No. 30. As a result, based on the documentation and other information provided by Defendants, Plaintiffs' "best case" damages could be significantly reduced or, in some cases, eliminated altogether, particularly if Defendants were successful on summary judgment.

## II. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the Parties' Settlement Agreement, and in accordance with Plaintiffs' retainer agreements with Plaintiffs' counsel, Plaintiffs' counsel will receive $75,900.00 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiff's retainer agreements. $23,735.00 of this $75,900.00 amount represents costs actually incurred by counsel in litigating this action and includes filing and service of process fees; shipping and delivery. *See* Invoice of Michael Faillace & Associates, P.C., attached hereto as Exhibit B. The remaining portion represents the attorneys' fees incurred by Plaintiffs' counsel in litigating and settling this matter. Plaintiffs' counsel's lodestar in this matter is $23,735.00, as reflected in Exhibit B.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, all Plaintiffs have already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

      a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an

    Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  Michael Faillace bills at a rate of $450.00 per hour under the billing code MF.

b. Shawn Clark is a litigation associate at Michael Faillace & Associates. A fifth-year associate, Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.

Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He was selected as Super Lawyers Rising Star for 2015 and 2016. Shawn Clark bills at a rate of $375.00 per hour under the billing code SC.

Should the Court have any further questions or concerns regarding this settlement, the Parties are happy to address them.  The Parties thank the Court for its attention to this matter.

                Respectfully submitted,

                /s/Shawn R. Clark
                Shawn R. Clark
                MICHAEL FAILLACE & ASSOCIATES, P.C.

March 23, 2017
Page 4

                                        Attorneys for the Plaintiffs

Enclosures